[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to foreclose on a mechanics lien against property owned by the defendants.
The parties have entered a stipulation of facts hereinafter listed as paragraphs 1 through 9, which the Court adopts as judicial admissions.
1. On November 18, 1991, the Defendants, Thomas P. Plourde and Rose T. Plourde, owned, and still own, and are in possession of, a certain piece of land, with improvements thereon, in Tolland, Connecticut, known as 497 Crystal Lake Road, more particularly bounded and described in Exhibit A to the complaint in this action.
2. The Plaintiff, The J.J. Mottes Company, furnished materials in the construction, erection, and raising of buildings upon said premises, pursuant to an agreement between the Plaintiff land Jeffrey Miller, a person having authority from the Defendants to procure said materials.
3. On April 23, 1992, the Plaintiff, to secure the claimed balance due of $3,512.25 for such materials, filed a certificate of Mechanic's Lien and Notice of Intent, in writing, by Thomas Lackman, Vice-President of Plaintiff, duly signed and sworn to, with the Town Clerk of Tolland, Connecticut, which certificate was duly recorded in Volume 422 at Pages 146-148 of the Tolland Land Records, a copy of which certificate is marked Exhibit B to the complaint in this action.
4. A true and attested copy of said certificate was served on the Defendants on April 24, 1992, and a copy of the return is; marked Exhibit C to the complaint in this action. CT Page 6024
5. The following encumbrance of record upon the property sought to be foreclosed is prior in right to the Plaintiff's Mechanic's Lien and is not affected by this action: (a) Farmers Home Loan Mortgage Corporation claims an interest in the premises by virtue of a Mortgage from Thomas P. Plourde and Rose T. Plourde to Farmers Home Loan Corporation in the original principal amount of $105,000.00, dated November 13, 1991 and recorded November 15, 1991, in Volume 411 at page 323 of Tolland Land Records.
6. There are no encumbrances of record subsequent to the Plaintiff's Mechanic Lien.
7. The Defendants entered into a contract with Jeffrey Miller and Timothy Bernache (the "Contractors"), which contract provided that the Contractors would construct a single-family residence on their property at a price of $62,500.00.
8. The Defendants paid the Contractors the full contract price of $62,500.00, with last payment made on July 16, 1992.
9. The Defendants made payments in the amount of $4,000.00 to the Contractors, after receiving notice of the Plaintiff's claim.
In addition to the foregoing the Court makes the following findings:
Miller and Bernache were doing several construction jobs during the relevant time and J.J. Mottes supplied concrete and other materials for those jobs as well. From time to time Miller and Bernache would send a check to J.J. Mottes on their account. J.J. Mottes would apply these payments to the oldest outstanding invoice unless asked to allocate payment to a specific job. It was not unusual for a contractor, such as Miller and Bernache, to request that a payment be credited to a specific job from time to time in order that a particular homeowner be credited. In this case Miller and Bernache sent its check dated April 15, 1992 for $5000 to J.J. Mottes but did not request any specific allocation. In keeping with its policy J.J. Mottes credited the oldest invoices including a portion being allocated to the Plourde job.
However, after that portion of the checks allocable to the Plourde job was credited, J.J. Mottes was still owed $3512.12 and that sum has not been paid. The $5000 check was from Miller-Bernache Construction and did not identify Plourde in any way. CT Page 6025
In order to finance construction the Plourdes obtained an FHA mortgage. At various stages of construction the FHA would cut a check usually payable to Miller and Bernache Construction and Thomas and Rose Plourde. Typically, Miller or Bernache would pick up the check, take it to the Plourdes for their endorsement, then deposit the check in their account and then write their construction company checks to their suppliers.
In April 1992, Miller and Bernache ended their partnership agreement and neither paid the balance owing on the Plourde job.
After J.J. Mottes filed notice of mechanic's lien, the Plourdes had their driveway installed and Bernache picked up two final checks at the FHA office. One in the amount of $3750 made payable to Miller-Bernache, and Boutin Construction — the driveway installer. The second, for $250 was payable to Miller-Bernache.
The Plourdes assumed, wrongly that the general contractor would take care of the debt to J.J. Mottes and they took no action to protect the lienor.
They claim that they paid the full contract price ($62,500) to the general contractor in good faith and that J.J. Mottes should not have allocated the payments they received to the oldest open invoice, but rather by determining the source of the funds received.
It is undisputed that the Plourdes made payments to the general contractor in the amount of $4000 after receiving notice of the mechanic's lien. By so doing they acted at their own peril. The mechanic's lien statute has a remedial purpose which . . . "requires a generous construction . . . ." Although the Plourdes paid the general contractor the full contract price of $62500 they acted in disregard of the applicable law by making the final payment after being put on notice that J.J. Mottes had not been paid. That cannot be construed as a good faith payment under General Statutes § 49-36(c). See BPS Realty Associates v. W. G.Glenney Co., 1 Conn. L. RPTR 590 (1990).
It is of no moment that J.J. Mottes allocated payments from Miller-Bernache to the oldest invoices. There was no request for a specific allocation to the Plourde job and, in fact, the Plourdes made payments after receiving notice of a lien. CT Page 6026
Accordingly, the Court finds the Mechanic's lien is valid and enforceable.
The plaintiff is not awarded attorney's fees. There was no agreement that the defendant pay attorney's fees. Attorney's fees are not usually awarded without an express agreement to do so such as found in a promissory note or contract, or unless authorized by statute.
The award of interest is discretionary based on equitable considerations. See General Electric Supply Co. v. Snetco,185 Conn. 583, 605 (1981) and cases cited therein.
Under the circumstances of this case, while the defendants are legally obligated to the plaintiff by operation of the mechanic's lien statutes, they did, in fact, pay the full contract price for their home. As plaintiff's counsel concedes, although innocent in that they naively relied on the word of the general contractor that the lien would be taken care of, they nonetheless made payments after receiving notice of the lien. With these equitable considerations in mind, the Court declines to award interest.
The Court finds a valid lien in the amount of $3512.25 (plus costs).
The matter is to be scheduled for short calendar for the purpose of setting law days.
Klaczak, J.